MECHANICAL PLASTICS
CORP., Plaintiff,

v.

TITAN TECHNOLOGIES, INC., Petersen
Products, Inc., and Danish Import,
Inc., Defendants.

No. 92 Civ. 5123 (CLB).

United States District Court,
S.D. New York.

March 22, 1994.

Lackenbach Siegel Marzullo Aronson & Greenspan, P.C. by Howard N. Aronson, Scarsdale, NY, for plaintiff.

Nolte, Nolte & Hunter, P.C. by Edward Hunter, Jericho, NY, for defendants.

## MEMORANDUM AND ORDER

BRIEANT, District Judge.

Familiarity of the reader with all of the prior proceedings in this trademark infringement action is assumed. By letter dated March 18, 1994, docketed in this action, the attorney for plaintiff advises as follows:

"Plaintiff in the above referenced matter is writing to you, as you requested at the February 25, 1994 Rule 16 Conference, to apprise of the status of the parties settlement negotiations.

As was discussed at the conference, both parties have been actively negotiating in an effort to resolve not only this case, but a series of differences that may very well lead to future litigation. These negotiations have led to the resolution of the vast majority of issues, however, three issues still remain. One of the three issues is the status and effect of this Court's decision upon Defendants' Motion for summary Judgment should a settlement be otherwise reached.

It is now apparent, however, that the parties herein will not be able to settle the "other" remaining issues in short order. Therefore, discussion regarding a joint motion to vacate this Court's prior decision upon Defendants' Motion for Summary Judgment, is moot. This Court certified issues for immediate interlocutory appeal and stayed the proceedings as to the remaining issues. While thereafter actively engaged in settlement discussions and optimistic about the chances of reaching such a settlement, the parties, by stipulation which was filed with and mandated by the Court of Appeals for the Second Circuit, withdrew the appeal without prejudice and subject to reinstatement. (Copy of the document is annexed hereto.) According to the terms of the stipulation, appellant's counsel may reinstate the appeal within 30 days "after the District Court rules on the proposed settlement."

Based on the facts outlined above, the parties must reinstate the appeal. Therefore it becomes necessary for this Court to "rule" on the proposed settlement."

The letter incorporates and refers to a Mandate of the Court of Appeals issued based on a stipulation which provided that, "The above entitled appeal is hereby withdrawn without costs and without attorneys' fees and without prejudice, subject to reinstatement by written notice to the Clerk of this Court by Appellant's counsel by [sic] 30 days after the District Court rules on proposed settlement".

There is no proposed settlement. There never was.

By its opinion dated June 17, 1993, reported in 823 F.Supp. 1137 (S.D.N.Y.1993) this Court held that one of several trademarks for plastic toggle fasteners belonging to the plaintiff, U.S. Reg. No. 1,510,979 was merely functional and therefore ineligible for trademark protection. This Court directed cancellation of the registration, but stayed that direction pending appeal. A separate final declaratory judgment was issued on the issue of functionality pursuant to F.R.Civ.P. 54(b), and a notice of appeal was duly filed.

As part of a global settlement of this and other controversies between the parties which plaintiff would like to reach, but which was not agreed to, plaintiff apparently seeks an order from this Court which would withdraw or vacate the prior decision in the case which led to the declaratory judgment appealed from.[1] The obvious motivation for doing so is that the plaintiff, once having settled with these defendants, if it·can, wishes to be in a position to assert the trademark against other manufacturers of plastic toggle fasteners. This would create an improper and perpetual burden on competition in the manufacture and sale of a prosaic but necessary article of trade. Accordingly, this Court is not willing to lend itself to any such

---

1. This opinion has already been cited with approval in at least one reported decision. *See,* *Beacham v. Macmillan,* 837 F.Supp. 970, 976 (S.D.Ind.1993).

manipulative conduct, which would be adverse to the public interest, not even to settle a lawsuit, nor to avoid a possible reversal upon appeal should an appellate panel reject our analysis of the functionality of plaintiff's trademark.

Plaintiff has submitted a proposed stipulated order. Loaded with "whereas" clauses, this stipulated order seeks to have the Court "rule" on the proposed settlement.[2] Because there is no proposed settlement, and never was, there is nothing to rule on. This Court deals only with actual cases and controversies. It should decline to take any action to assist an end run around the competition in the toggle business.

Plaintiff may make such application to the Court of Appeals as may be appropriate. That Court undoubtedly has the power to withdraw and vacate its Mandate, because the Mandate was based upon the untruthful representation that there was in fact a proposed settlement upon which this Court should rule. As noted earlier, defendants have never agreed to a proposed settlement.

This Court declines to sign the proposed stipulated order ruling on the phantom proposed settlement, and leaves the parties where it finds them.

The application is denied.

SO ORDERED.

## EXHIBIT

### STIPULATED ORDER RULING ON PROPOSED SETTLEMENT

WHEREAS, by Memorandum and Order dated June 17, 1993, the District Court granted partial Summary Judgement and the Clerk of the Court has entered a Partial judgment thereon on June 30, 1993; and

WHEREAS, the plaintiff has taken a timely appeal to the Court of Appeals for the Second Circuit, Docket No. 93–7730; and

WHEREAS, the District Court has stayed proceedings as to the remaining issues, as well as the Certificate to the Commissioner

of Patents and Trademarks pursuant to Rule 62(h); and

WHEREAS, the parties, with the assistance of the Staff Counsel of the Court of Appeals for the Second Circuit, have been actively engaged in settlement discussions; and

WHEREAS, the parties, in light of the settlement discussions, by stipulation filed with and mandated by the Court of Appeals for the Second Circuit on December 22, 1993, withdrew the appeal without costs and without attorneys' fees and without prejudice, subject to reinstatement by written notice to the Clerk of the Court of Appeals within 30 days of a ruling by the District Court on the proposed settlement; and

WHEREAS, it has now become apparent that despite the best efforts of all parties involved, no settlement of the issues can be reached and the parties are desirous of reinstating the appeal so that an ultimate resolution of the issues can be had; and

WHEREAS, the District Court has been apprised of the parties attempts to settle their differences and the ultimate failure of said attempts and now has the opportunity to "rule on the proposed settlement" pursuant to the stipulation filed with and mandated by the Court of Appeals for the Second Circuit on December 22, 1993; it is hereby

ORDERED that this Stipulated Order shall constitute this Court's ruling on the parties proposed settlement; and, it is further

ORDERED that counsel for appellant may reinstate the appeal, pursuant to the terms of the stipulation filed with and mandated by the Second Circuit Court of Appeals on December 22, 1993; and, it is further

ORDERED that the stay of proceedings and of the Certificate to the Commissioner of Patents and Trademarks, remain in place, as

---

2. The body of this order is annexed as an exhibit to this Memorandum decision.

originally Ordered by this Court, as long as the appeal is prosecuted in good faith.

Dated: White Plains, New York

   March 1994

SO ORDERED:

_____

Hon. Charles L. Brieant
United States District Judge

CONSENTED TO: